UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 2 8 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S DISTRICT COURT

3883 CONNECTICUT LLC,           :
                                :
          Plaintiff,            :
                                :
     v.                         :   Civil Action No. 00-2453 (JR)
                                :
DISTRICT OF COLUMBIA, *et al.*, :
                                :
          Defendants.           :

MEMORANDUM

Plaintiff is building a 168-unit apartment building on its property at 3883 Connecticut Avenue in the District of Columbia. From February through May 2000, plaintiff was granted the permits it needed to begin preparing the site for construction. Site preparation began on July 31, 2000. The next day, opponents of the project, Friends of Tilden Park, filed suit in Superior Court for the District of Columbia seeking to enjoin further construction. That court issued a temporary restraining order. The TRO expired two days later, on August 3, 2000. Within a few hours of the TRO's expiration, the District of Columbia Department of Consumer and Regulatory Affairs (DCRA) issued a stop work order (SWO). On August 9, 2000, plaintiff appealed the SWO to the Administrator of the Building and Land Regulation Administration. The appeal was denied on August 11, 2000, on the stated rationale that the SWO was validly issued because of the risk that the preliminary permits may have been issued based on inaccurate site information on the Environmental Impact Screening

Form (EISF) plaintiff had filed as part of its application for the building permits.  On August 16, 2000, plaintiff submitted a revised EISF.  The revision disclosed (for the first time) that mature trees are on the property, a stream runs near the property, and an adjacent building is listed on the National Register of Historic Places.  On August 21, 2000, plaintiff further appealed the SWO to DCRA.  There was no response to that further appeal, except that, on September 7, 2000, DCRA directed plaintiff to submit a detailed environmental report on several potential impacts of the project.  Plaintiff complied.

Plaintiff filed this action on October 13, 2000, seeking rescission of the SWO.  On November 2, 2000, after a hearing, I denied plaintiff's motion for a preliminary injunction.  On November 22, 2000,[1] DCRA rescinded the SWO, mooting the demand for injunctive relief.  On January 26, 2001, plaintiff amended its complaint, adding a demand for compensatory and punitive damages for the disruption of its project between August 3 and November 22, 2000.  Now before the Court is defendants' motion to dismiss or for summary judgment.

---

[1] See DCRA Letter to Francis Coen, development executive for Clark Realty Capital (Pl.'s Ex. K).  Throughout its complaint and pleadings, plaintiff continually refers to the rescission date as November 27, 2000.

Jurisdiction

The District's first argument for dismissal invokes the Burford abstention doctrine, which counsels against the exercise of federal court jurisdiction where there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar."   Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976); Burford v. Sun Oil Co., 319 U.S. 315 (1943).  Defendants argue that this is a local land use case whose resolution requires an assessment of the scope of authority and discretion conferred upon District officials by the District's construction codes and Environmental Policy Act.

The Burford doctrine has received short shrift in this Circuit.   "[S]ensitivity and the notion of localism alone do not provide a principled rationale for abstention where federal jurisdiction admittedly exists. Federal courts routinely decide local matters of great sensitivity and we are not convinced that abstention from a federal question case may be based on this rationale." Silverman v. Barry, 727 F.2d 1121, 1123 n.4 (D.C. Cir. 1984).  Resolution of plaintiff's central claim -- that the suspension of its permits deprived it of procedural due process -- "will not require this court to intrude unduly into sensitive areas of local policy or regulation."  Dominion Cogen, D.C, Inc. v. District of Columbia, 878 F. Supp. 258, 267 (D.D.C.

1995) (retaining jurisdiction in case where plaintiffs claimed
"that District officials improperly withheld building permits to
which the plaintiffs were legally entitled").  Defendants'
jurisdictional challenge fails.

Procedural Due Process

The District next argues, in support of its motion to
dismiss plaintiff's due process claim, that plaintiff failed to
exhaust its administrative remedies, that the District followed
the appropriate procedures, and that in any case plaintiff had no
property interest in the preliminary building permits.  Plaintiff
has the better argument on the first two of those points.  "[O]ne
pursuing a procedural due process claim need not exhaust his
local remedies."  Tri County Indus., Inc. v. District of
Columbia, 104 F.3d 455, 462 (D.C. Cir. 1997).  And the District's
assertion that it followed the appropriate SWO procedures is
suspect.  At the Superior Court TRO hearing on August 1, 2000,
the District represented that the construction site had been
investigated and that the environmental concerns of the community
group and claims of inaccuracies in the EISF were unfounded.
Pl.'s Mem. Ex. C at 6.  Two days later, it considered the
"incomplete and/or incorrect information on plaintiff's original
EISF" substantial enough to warrant issuance of the SWO.  Defs.'
Mem at 13.  That chronology suggests that the reasons given for

issuing the SWO were pretextual.  Cf. Tri County Indus., 104 F.3d
at 460, 462.

On the third point, however, the District is correct:  the
permits the District issued to plaintiff were not building
permits and did not confer property rights.  In Tri County
Indus., 104 F.3d at 458, the Court of Appeals assumed, based on
the concession of the District, that a building permit is a
property right.  The court rejected the proposition, however,
"that an agency 'deprives' an applicant of 'property' whenever it
backtracks on a prior favorable finding on one of [the many steps
toward issuance of a building permit] independently of withdrawal
of the permit itself."  Id.

The work interrupted by the SWO in this case was authorized
by a sheeting and shoring permit, an excavation permit, a permit
to construct the foundation to grade level, a permit to underpin
an adjoining property, and a permit to underpin and locate
shoring at another adjoining property.  None of those permits was
a "prerequisite to construction" that stood "apart from the need
for a building permit."  Id.  Rather, they were some of the "many
steps toward issuance of a building permit."  Id.  The D.C.
regulations do provide, for instance, that something called a
"building permit" is needed for underpinning, and each of
plaintiff's underpinning permits is labeled "building permit."
D.C. Mun. Regs. tit. 12A, § 107.2.1 (2001); Pl.'s Response to

Ord. (Exs. 4-5).  To regard these five permits as anything but
steps toward issuance of a building permit, however, is to
elevate label over substance.  The real building permit was not
issued until November 27, 2000, after the rescission of the SWO
on November 22, 2000.  Decl. of Francis Coen of 9/28/01 at ¶ 10
(referring to Ex. 6 of Pl.'s Response to Ord.).

        To explain this conclusion, it is necessary to step through
the due process analysis given shorthand treatment in the Court
of Appeals' Tri County decision (recall that the District
conceded that the building permit in that case conferred a
property right).  "Individuals are entitled to due process . . .
only if they have a constitutionally protected property
interest."  Washington Legal Clinic for the Homeless v. Barry,
107 F.3d 32, 36 (D.C. Cir. 1997) (citing Brock v. Roadway
Express, Inc., 481 U.S. 252, 260 (1987); Board of Regents v.
Roth, 408 U.S. 564, 569 (1972)).  To have a property interest in
a government benefit, "a person clearly must have more than an
abstract need or desire for it.  He must have more than a
unilateral expectation of it. He must, instead, have a legitimate
claim of entitlement to it."  Roth, 408 U.S. at 577.  An
entitlement is derived from " 'an independent source such as
state law,' i.e., statutes or regulations 'that secure certain
benefits and that support claims of entitlement to those

                                - 6 -

benefits.' " <u>Washington Legal Clinic for the Homeless</u>, 107 F.3d
at 36 (quoting <u>Roth</u>, 408 U.S. at 577).

A statute may create a constitutionally protected property
interest, if the statute or its implementing regulations "place
substantive limitations on official discretion." <u>Id.</u> (internal
citations omitted).  "Statutes or regulations limit official
discretion if they contain explicitly mandatory language, i.e.,
specific directives to the decisionmaker that if the regulations
substantive predicates' are present, a particular outcome must
follow." <u>Id.</u> (internal citations omitted).  In the land-use
context, "whether a property-holder possesses a legitimate claim
of entitlement to a permit or approval turns on whether, under
state and municipal law, the local agency lacks <u>all</u> discretion to
deny issuance of the permit or to withhold its approval.  Any
significant discretion conferred upon the local agency defeats
the claim of a property interest." <u>Gardner v. City of Baltimore</u>,
969 F.2d 63, 68 (4th Cir. 1992) (emphasis in original) (applying
to substantive due process challenge).

The parties say that the five preliminary permits in this
case were issued under sections 107 and 108 of title 12 of the
D.C. municipal regulations.  The District of Columbia Court of
Appeals has suggested that permits for excavation, sheeting, and

shoring are issued under § 108.2.[2]  TACPEC v. District of
Columbia Bd. of Zoning Adjustment, 550 A.2d 331, 333-34 n.5 (D.C.
1988).  Under § 108.2, "the code official is authorized to issue
a partial permit for the construction of foundations or any other
part of a building or structure before the entire plans and
specifications for the whole building or structure have been
submitted, provided adequate information and detailed statements
have been filed complying with all pertinent requirements of the
Construction Codes."  D.C. Mun. Regs. tit. 12A, § 108.2 (2001).
The language of this section is discretionary.  Washington Legal
Clinic for the Homeless, 107 F.3d at 36; see also Spence v.
Zimmerman, 873 F.2d 256, 259-60 (11th Cir. 1989) (citing Sullivan
v. Town of Salem, 805 F.2d 81 (2d Cir. 1986) (no legitimate
entitlement where statutory authority to have subdivision roads
accepted is couched in discretionary rather than mandatory
language)).

---

[2] The TACPEC opinion refers to the 1986 version of section
108.2:  "The Director may approve the issuance of a permit for
the excavation, or excavation and foundation, for a building or
structure in advance of its approval for [sic] permit as a whole,
provided the complete plans and such specifications as the
Director may determine as necessary for the structure have been
submitted, full zoning approval obtained, and all other pertinent
information has been submitted or obtained as a basis for such
partial approval.  The holder of such permit shall proceed at his
own risk and without assurance that a permit for the entire
structure will be granted."  D.C. Mun. Regs. tit. 12, § 108.2
(May 1986) (Provisional Edition) (on file at the library of the
District of Columbia Superior Court).  The current version of the
section appears to broaden the types of partial permits arising
under the section.

Moreover, as § 108.2 makes very clear, the issuance of a partial permit comes with no promises:  "Issuance of a partial permit by the code official does not constitute assurance that a permit for the entire structure will be granted.  The holder of such partial permit for the foundations or other part of a building or structure will proceed with the building operation at the <u>holder's own risk</u> . . . and without assurance that a permit for the entire structure will be granted."  (Emphasis added).

One argument not completely foreclosed by the discretionary language of § 108.2 and the "proceed at your own risk" language of the regulation is that the issuance of a sheeting and shoring permit (for example) confers the right to do at least <u>the sheeting and shoring</u> without unlawful interference, even if it confers no right to the final building permit.  But that argument ignores the Court of Appeal's language in <u>Tri County</u> about "steps toward issuance of a building permit."  104 F.3d at 458.  And, to the extent that argument involves the Court in each incremental detail of the relationship between a builder and the government, it may well exceed even the broad boundaries of appropriate federal court action sanctioned by <u>Silverman</u>, 727 F.2d at 1123 n.4.

Other Claims

It is not clear whether plaintiff has asserted a substantive due process claim.[3]  If it has, the claim fails.  As the Court of Appeals said in Tri County Indus., "our clear intent in Silverman was to confine the concept of substantive due process, itself oxymoronic, to actions that in their totality are genuinely drastic. . . . [U]nless the victim of government imposition has pushed its local remedies to the hilt, it ordinarily will not be able to show the necessary substantiality."  104 F.3d at 459.  Plaintiff failed to appeal the issuance of the SWO to the Board of Appeals and Review as permitted under section 122.1.2 of title 12A of the D.C. municipal regulations and clearly did not "push[] its local remedies to the hilt."

Plaintiff's Equal Protection claim, that the District "appl[ied] the requirements of the DCEPA to this project alone," is premature.  Am. Compl. ¶ 31.  The District never actually required an Environment Impact Statement from plaintiff.

There is no need to deal with Carlynn Fuller's assertion of qualified immunity or with plaintiff's claim for punitive damages.  The District's motion for summary judgment will be granted.

_____

[3] Plaintiff's amended complaint alleges only "deprivation of property without due process of law," Am. Compl. at 7 (first cause of action), and plaintiff does not appear in its memorandum to have responded to defendants' substantive due process arguments.

An appropriate order accompanies this memorandum.


February 28, 2002
_____
JAMES ROBERTSON
United States District Judge

Copies to:

Roger J. Marzulla                Andrew J. Saindon
Nancie G. Marzulla               Assistant Corporation Counsel
Marzulla & Marzulla              441 Fourth Street, N.W.
1350 Connecticut Avenue, N.W.    Sixth Floor South
Suite 410                        Washington, DC 20001
Washington, DC 20036
                                 Counsel for Defendants
Counsel for Plaintiff